[No. 7,409—Department One.]

ELLEN TEMPLETON *v.* JOSIAH POOLE, JOSEPHINE DEZALDO ET AL., INTERVENORS.

ASSIGNMENT OF OVERDUE PROMISSORY NOTE—NEGOTIABLE INSTRUMENT— OSTENSIBLE AUTHORITY OF AGENT—NOTICE.—A promissory note was indorsed by the payee and placed in the hands of one of the makers as her agent.

*Held:* This did not clothe the maker with ostensible authority after the note became due to assign, pledge, or negotiate it for his own benefit, and his assignee (though for value and without actual notice of the facts) took no title.

APPEAL from a judgment for the intervenors in the Twentieth District Court of the County of Santa Clara. BELDEN, J.

*L. Archer,* for Appellant.

Intervenors can not in any sense be regarded as innocent holders of the note, either as to title or validity. (Civ. Code, §§ 3123, 3124, 3125.) The possession of the note by Davis, one of the makers, raised the presumption that it was paid;

it certainly showed that he did not own it. He could not own it legally. (*Bank* v. *Hammett*, 50 N. Y. 158.) The note was largely overdue and dishonored. It was payable on November 9th, 1877. Davis pledged the note to Dezaldo September 28th, 1878, and to Stratford November 14th, 1878. The intervenors necessarily took it charged with notice of any infirmities as to title or validity. (*Strong* v. *Jackson*, 5 Rep. 385.)

*S. O. Houghton* and *John Reynolds*, for Respondent.

Bearing the indorsement of the payee, the title to the note passed by delivery. Davis being the agent of Templeton and having the note in his possession with her consent, and with her indorsement thereon, and the mortgage securing it being unsatisfied of record, he had apparent power to pledge the note.

Where an agent is intrusted with blank indorsements, he has an implied authority to fill up and deliver the instruments, and although he acts fraudulently it will be valid in the hands of an innocent holder. (Edwards on Bills, 252; 1 Daniell on Neg. Inst. 645.) The intervenors were purchasers for value without notice. Davis had ostensible authority to dispose of the note, and the intervenors come within the protection of C. C., §§ 2334, 2317, 2315, 2991, 1962, 3543.

The COURT:

The intervenors do not seek to charge plaintiff as indorser of the note payable to her order, but claim to have acquired through her indorsement the legal title in the note, with a right to resort to the mortgage security to the extent of their claims. They loaned their money, respectively, to the payor and mortgagor, in whose possession they found the note, indorsed by plaintiff, long after the maturity of the obligation, and took from him the note and mortgage as security. It may be assumed that the fact the note was in possession of the payor after due, did not conclusively establish its payment, as against intervenors. On the other hand, the fact that plaintiff had indorsed the note and placed it in the hands of the maker, did not clothe the latter with ostensible authority,

after it became due, to assign, pledge, or negotiate it for his own benefit. The intervenors were put upon inquiry, and, ascertaining the facts, would have known that the note had not been paid, but had been put in the payor's possession for a specific purpose, which had been accomplished, leaving the note in his hands as the mere agent of plaintiff.

Judgment reversed and cause remanded for a new trial.